ACCEPTED
14-14-00077-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
2/24/2015 10:52:36 AM
CHRISTOPHER PRINE
CLERK

## CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

### ATTORNEYS AT LAW

1200 SMITH STREET, SUITE 1400

### HOUSTON, TEXAS 77002-4496

(713) 658-1818    (800) 342-5829

(713) 658-2553 (FAX)

chwwm@chamberlainlaw.com

KEVIN D. JEWELL
SHAREHOLDER
DIRECT DIAL NO.(713) 654-9620
E-MAIL: kevin.jewell@chamberlainlaw.com

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
HOUSTON
ATLANTA
SAN ANTONIO
2/24/2015 10:52:36 AM
CHRISTOPHER A. PRINE
Clerk

February 24, 2015

Christopher Prine, Clerk
Fourteenth Court of Appeals
301 Fannin, Room 245
Houston, Texas 77002

> Re:  No. 14-14-00077-CV; *MKM Engineers, Inc., et al v. Jal B. Guzder*; in
> the Fourteenth Court of Appeals, Houston, Texas.

Dear Justices Christopher, Donovan, and Wise:

Appellants MKM and PIKA would like to respond to Appellee's February 19, 2015 letter.

1.  Appellants stated in oral argument that Guzder never provided a signed document containing releases. That statement is true. Guzder's February 19, 2015 letter cites *unsigned*, proposed releases. The May 27, 2011 letter, assuming it is binding, required Guzder (and others) to provide signed releases, not draft or proposed releases. They never provided signed releases to Appellants or to the District Court and Guzder did not prove (or argue) otherwise in his motion for summary judgment.

2.  Guzder contends that EETCO and Zenobia Guzder did not have to sign the Rule 11 letter because Mr. Voyles, their lawyer, could sign for them. Clients settle cases, not counsel, and Mr. Voyles signed only as agent for one principal, *i.e.,* "on behalf of Jal Guzder." If EETCO and Zenobia wanted to sign the letter, counsel should have so indicated instead of expressly limiting his signature to only Guzder. Imagine the roles were reversed and EETCO/Zenobia argued they were not bound by the Rule 11 letter. They would be right. That their lawyer now says they will go along with the deal

after the fact does not mean the Rule 11 letter was binding on all parties when it was signed. "*All* of the parties must assent to the same thing in the same sense at the same time." *Soliman v. Goltz*, No. 05-93-00008-CV, 1993 WL 402740, at *8 (Tex. App.—Dallas October 6, 1993, no writ) (emphasis added); *Finley v. Hundley*, 252 S.W.2d 958, 962 (Tex. Civ. App.—Dallas 1952, no writ).

3. Citing Justice Christopher, Guzder argues that parties who do not wish to be bound by a preliminary letter should expressly say so. This is a preferable approach to be sure, but not one Texas law has ever required. Appellate courts holding settlement agreements unenforceable have done so despite the absence of contract language stating, "This agreement is non-binding." *E.g.*, *Martin v. Martin*, 326 S.W.3d 741, 754 (Tex. App.—Texarkana 2010, pet. denied); *Brooks v. Metiscan Technologies, Inc.*, No. 05-08-01042-CV, 2009 WL 3087258, at *3 (Tex. App.—Dallas September 29, 2009, no pet.); *Soliman*, 1993 WL 402740, at *8.

4. Guzder says Appellants are bound because they drafted the Rule 11 letter. But every appellate decision that held a settlement agreement unenforceable did so on behalf of a party who either proposed the agreement or expressly agreed to it. *See*, *e.g.*, *Martin*, 326 S.W.3d at 754; *Brooks*, 2009 WL 3087258, at *3; *Soliman*, 1993 WL 402740, at *8. Enforcement does not depend on who proposed or drafted the alleged agreement.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY

By:      /s/ Kevin Jewell
         Kevin D. Jewell
         State Bar No. 00787769
         1200 Smith Street, Suite 1400
         Houston, Texas  77002
         Telephone:  (713) 658-1818
         Telecopy:  (713) 658-2553
ATTORNEYS FOR APPELLANT,
PIKA INTERNATIONAL, INC.

AKIN, GUMP, STRAUSS, HAUER & FELD LLP

By:     /s/ Murry B. Cohen
     Murry B. Cohen
     Texas Bar No. 04508500
     1111 Louisiana Street, 44th Floor
     Houston, Texas 77002
     (713) 220-5800 (Telephone)
     (713) 236-0822 (Facsimile)
ATTORNEYS FOR APPELLANT,
MKM ENGINEERS, INC.

KDJ/dlk
1739319_1

*Via electronic service*
Adam Q. Voyles
Lubel Voyles LLP
5020 Montrose Blvd., Ste. 800
Houston, Texas 77006

*Via electronic service*
Alan N. Magenheim
Magenheim & Associates
3701 Kirby Drive, Suite 1144
Houston, Texas 77098

*Via electronic service*
Michael L. Orsak, L.P.
611 Houston Street
Richmond, Texas 77469